IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBBIE L. HUMPHREYS                                                                        PLAINTIFF

vs.                                           Civil No. 6:12-cv-06103

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Debbie Humphreys ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability applications on April 22, 2009. (Tr. 16, 114-120).[1] In her applications, Plaintiff alleges she is disabled due to mental and lung problems. (Tr. 153). Plaintiff alleges an onset date of November 11, 2007. (Tr. 16, 153). These applications were denied initially and again upon reconsideration. (Tr. 54-63, 66-69).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 71). An administrative hearing was held on October 6, 2010. (Tr. 20-53). Plaintiff was present and was represented by Michael Angel at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Nancy Carol Hughes testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED. (Tr. 35).

On January 18, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 16-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2008. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 11, 2007, her alleged onset date. (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the severe impairments of asthma and bronchitis. (Tr. 18, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 19, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 19-24, Finding 5). In making this determination, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work but could not work around concentrated exposures to fumes, dust, odors, or in extreme heat or cold environments. (Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff capable of performing her PRW as a retail department manager and telephone order taker. (Tr. 24, Finding 6).

2

Because Plaintiff retained the capacity to perform her PRW, the ALJ determined she had not been under a disability as defined by the Act from November 11, 2007 through the date of his decision. (Tr. 24, Finding 7).

Thereafter, on August 19, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On June 22, 2012, the Appeals Council declined to review the unfavorable decision. (Tr. 1-3). On August 23, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

3

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ did not consider Plaintiff's obesity; (2) the ALJ improperly considered her severe impairments; and (3) the ALJ improperly considered Plaintiff's subjective complaints of pain. ECF No. 9 at 6-14. Because the Court finds

the ALJ erred at Step Two of the Analysis, the Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence).  If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the severe impairments of asthma and bronchitis.  (Tr. 18, Finding 3).  The ALJ did not find Plaintiff's rectal bleeding, chronic diarrhea, or mental impairment as severe impairments.  *Id.*  Plaintiff's medical records, however, demonstrate that these conditions are severe and meet the *de minimis* standard for a severe impairment.

The medical record shows Plaintiff was first treated for rectal bleeding and diarrhea in

5

January 2007. (Tr. 255). Throughout 2009 and 2010, Plaintiff continued to be treated for both conditions. (Tr. 328-335, 337, 350-356, 362-364, 385-398, 448, 482-490, 492-508). Among other things, Plaintiff was diagnosed with hemorrhoids, small mucosal tear, anal fissure, and mild diverticulitis. (Tr. 335-356, 352, 356, 391).

Plaintiff also argued his alleged mental impairment should have been considered severe. On March 17, 2010, Plaintiff was seen by Dr. Charles Spellman for a Mental Diagnostic Evaluation. (Tr. 407-410). Plaintiff was diagnosed with adjustment disorder with mixed emotional features and was given a Global Assessment of Functioning ("GAF") score of 60-70. (Tr. 409). In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's GAF score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). A GAF score of 60-70 indicates mild to moderate difficulties in social, occupational, and/or school functioning. *Id*. Therefore, Plaintiff's mental impairment has more than a minimal effect on her ability to work, and should have been considered severe.

While these medical records alone might not establish that Plaintiff is *disabled* due to her rectal bleeding, chronic diarrhea, or mental impairment, these records do provide sufficient evidence to satisfy the low or *de minimis* standard for a severe impairment. *See Nicola v. Astrue,* 480 F.3d at 887. Because Plaintiff's medical records establish she suffers from the severe physical impairment of rectal bleeding, chronic diarrhea, and mental impairment and because the ALJ erred by not finding these as severe impairments, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 3rd day of April 2014.**

                                                            /s/   Barry A. Bryant                    
                                                            HON. BARRY A. BRYANT
                                                            U.S. MAGISTRATE JUDGE